IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DERRICK WARREN, Individually, and on
Behalf of All Wrongful Death Beneficiaries of
LADONNA LANG WARREN, Deceased and the
ESTATE OF LADONNA LANG WARREN                                    PLAINTIFF

vs.                                              CIVIL ACTION NO. 2:21-cv-132-KS-MTP

WAYNE COUNTY, by and through its Board of
Supervisors, d/b/a Wayne County Adult Detention
Center; SHERIFF JODY ASHLEY, Wayne County
Sheriff's Department; CATHY ROBERTS ROBIN,
Wayne County Sheriff's Department Nurse;
CYNTHIA TERRELL, Wayne County Sheriff's Department
Jail Administrator; MECHELLE BROWN, Wayne County
Sheriff's Department Corrections Officer; TANGLE DANIELS,
Wayne County Sheriff's Department Corrections Officer;
NURSE; JESSICA BLAKELY, Wayne County Sheriff's
Department Deputy; FICTITIOUS DEFENDANTS A-Z            DEFENDANTS

## COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW Plaintiff Derrick Warren, Individually, and on behalf of all Wrongful Death Beneficiaries of LaDonna Lang Warren, Deceased, by and through his counsel of record, JP Burkes Law, PLLC, and files this Complaint against Defendants WAYNE COUNTY, by and through its Board of Supervisors, d/b/a Wayne County Adult Detention Center; SHERIFF JODY ASHLEY, Wayne County Sheriff's Department; CATHY ROBERTS ROBIN, Wayne County Sheriff's Department; CYNTHIA TERRELL, Wayne County Sheriff's Department; MECHELLE BROWN, Wayne County Sheriff's Department; TANGLE DANIELS, Wayne County Sheriff's Department; JESSICA BLAKELY, Wayne

County Sheriff's Department Deputy; and Fictitious Defendants A-Z, and in support thereof would show as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for damages. Plaintiff contends that while his wife, LaDonna Lang Warren (hereafter "LaDonna"), was in custody at the Wayne County Detention Center (hereafter "Detention Center"), Defendant Sheriff Jody Ashley and Defendant Wayne County, by and through its Board of Supervisors, failed to formulate policy or institute training that would prevent the provision of inadequate medical treatment to inmates at the Detention Center and that Defendants Cathy Roberts Robin, Cynthia Terrell, Mechelle Brown, Tangle Daniels, and/or Jessica Blakely demonstrated a deliberate indifferent to LaDonna's serious medical needs. Defendants' deliberate actions and/or omissions resulted in LaDonna being subjected to a deprivation of the substantive and procedural due process protections guaranteed to her by the Fourteenth Amendment to the United States Constitution, which resulted in her death.

2. Plaintiff maintains that the deprivations and violations of LaDonna's constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of the Defendants in their official and individual capacities, and that the named Defendants, acting under color of state law, knowingly caused LaDonna to be deprived of her federal constitutional rights.

3. Plaintiff requests this Court to declare that the acts and/or omissions by the Defendants were unconstitutional under the United States Constitution, and by an award of compensatory and punitive damages, compensate LaDonna's survivors and

wrongful death beneficiaries for the violations of her constitutional rights and deter the Defendants from further participation in such unconstitutional acts and/or omissions.

## PARTIES

4. Plaintiff DERRICK WARREN is an adult resident citizen of Wayne County, Mississippi. Plaintiff is and was, at all relevant times, the husband and lawful spouse of LaDonna Lang Warren, Deceased. Plaintiff brings this lawsuit on behalf of all wrongful death beneficiaries of LaDonna Lang Warren, Deceased, pursuant to Miss. Code Ann. § 11-7-13 and the Estate of Ladonna Lang Warren, deceased.

5. Defendant WAYNE COUNTY is a political subdivision of the state of Mississippi acting through its Board of Supervisors and may be served by effecting the same upon the Chancery Clerk for Wayne County, Mississippi, 609 Azalea Drive, Waynesboro, Mississippi 39367.

6. Defendant Sheriff JODY ASHLEY (hereafter "Ashley") is, and at all relevant times was, an adult resident citizen of Wayne County, Mississippi. Defendant Sheriff Ashley is, and at all relevant times was, responsible for the policies, practices and customs of the Wayne County Sheriff's Department and the Detention Center, as well as the hiring, training, control, supervision, and discipline of its deputies and employees.

7. Defendant CATHY ROBERTS ROBIN (hereafter "Robin") is, and at all relevant times was, upon information and belief an adult resident citizen of Wayne County, Mississippi, and a nurse employed by or otherwise acting as an agent for and on behalf of Wayne County and/or Wayne County Sheriff's Department. At all relevant times, Defendant Robin was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or

the Wayne County Sheriff's Department. Defendant Robin is sued in her individual capacity.

8. Defendant CYNTHIA TERRELL (hereafter "Terrell") is, and at all relevant times was, upon information and belief an adult resident citizen of Wayne County, Mississippi, and was the Jail Administrator employed by or otherwise acting as an agent for and on behalf of Wayne County and/or Wayne County Sheriff's Department. At all relevant times, Defendant Terrell was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Wayne County Sheriff's Department. Defendant Terrell is sued in her individual capacity.

9. Defendant MECHELLE BROWN (hereafter "Brown") is, and at all relevant times was, upon information and belief an adult resident citizen of Wayne County, Mississippi, and was a Correctional Officer employed by or otherwise acting as an agent for and on behalf of Wayne County and/or Wayne County Sheriff's Department. At all relevant times, Defendant Brown was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Wayne County Sheriff's Department. Defendant Brown is sued in her individual capacity.

10. Defendant TANGLE DANIELS (hereafter "Daniels") is, and at all relevant times was, upon information and belief an adult resident citizen of Wayne County, Mississippi, and was a Correctional Officer employed by or otherwise acting as an agent for and on behalf of Wayne County and/or Wayne County Sheriff's Department. At all relevant times, Defendant Daniels was acting under color of law, to wit, under color of

statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Wayne County Sheriff's Department. Defendant Daniels is sued in her individual capacity.

11. Defendant JESSICA BLAKELY (hereafter "Blakely") is, and at all relevant times was upon information and belief an adult resident citizen of Wayne County, Mississippi, and was a Deputy employed by or otherwise acting as an agent for and on behalf of Wayne County and/or Wayne County Sheriff's Department. At all relevant times, Defendant Blakely was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Wayne County Sheriff's Department. Defendant Blakely is sued in her individual capacity.

12. Fictitious Defendants A-Z are fictitious corporations, entities, or persons whose real names and business addresses are unknown to Plaintiff at this time but whose real names and addresses will be made a part of this Complaint at such time as they do become known to the Plaintiff, and at which time process of this Court may be served on such parties. These Defendants' negligent, gross negligent, reckless, intentional, and/or fraudulent conduct was a proximate cause of the Plaintiff's injuries and damages.

13. Each act or omission by each Defendant was committed by agents, servants, authorized representatives, co-conspirators, or employees acting in their capacities as a principal or vice-principal while in the course and scope of their employment and/or with full authority of Defendants and/or such act was later ratified, approved, or adopted by each Defendant.

## JURISDICTION AND VENUE

14. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

15. This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourteenth Amendment to the United States Constitution, and under the laws of the state of Mississippi.

16. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

## STATEMENT OF FACTS

17. At the time of the incidents complained of in this Complaint, LaDonna Lang Warren was an adult female citizen and resident of Warren County, Mississippi.

18. On or about September 6, 2019, LaDonna was arrested and detained in the Detention Center, Unit C109.

19. On October 9, 2019, LaDonna began complaining of a stomachache. At approximately 6:00 p.m., Defendant Terrell requested that Defendant Brown contact the nurse, Defendant Robin.

20. At approximately 6:05 p.m., Defendant Daniel went to Unit C109 and found LaDonna in pain and discomfort. At approximately 6:10 p.m., Defendant Daniel gave LaDonna two Tums tablets. Defendant Daniel was aware that LaDonna had recently learned she was pregnant.

21. Approximately one hour later at 7:05 p.m., Defendant Daniels went again to Unit C109 but thought LaDonna was asleep, so she did not check on her.

22. At approximately 8:00 p.m., Defendant Brown heard yelling, so she went to Unit C109. LaDonna informed Defendant Brown that she was sick and hurting. LaDonna was lying in bed shaking, crying, and throwing up. Defendant Daniels called Defendant Robin and Defendant Terrell to report that LaDonna was having what appeared to be seizure activity.

23. At approximately 8:25 p.m., Defendant Robin, a nurse, arrived at the Detention Center. Defendant Robin was aware that LaDonna was pregnant and was aware that LaDonna had been observed having seizures.

24. When Defendant Robin entered Unit C109, she observed that LaDonna had been vomiting and had defecated on herself. As Defendant Robin was in Unit C109, LaDonna again defecated on herself. LaDonna tried to get out of bed to take a shower but when she would sit up, she would turn pale and almost pass out.

25. Defendant Robin also observed that LaDonna was diaphoretic. LaDonna was also experiencing leg pain. LaDonna requested to be taken to the hospital, but Defendant Robin refused.

26. At no point did Defendant Robin take LaDonna's blood pressure. At no point did Defendant Robin assess LaDonna's vital signs. At no point did Defendant Robin take LaDonna's temperature. At no point did Defendant Robin measure LaDonna's oxygen saturation level.

27. Defendant Robin gave LaDonna a Dramamine for nausea. She also obtained a sanitary pad for LaDonna and left the Detention Center at approximately 9:00 p.m.

28. At approximately 10:47 p.m., Defendant Brown took ice to LaDonna. LaDonna asked again to go to the hospital, but Defendant Brown refused.

29. At approximately 11:11 p.m., Defendant Brown found LaDonna passing out on the floor. Defendant Brown called Defendant Tyrell but did not check on LaDonna again until 11:30 pm., at which time LaDonna was unresponsive.

30. Defendant Brown then called Defendant Robin again at approximately 11:33 p.m. A 911 call was also made that reported an inmate was unresponsive and not breathing.

31. Defendant Robin arrived at the Detention Center at approximately 12:05 a.m. on the morning of October 10, 2019, after an ambulance had arrived and transported LaDonna to Wayne General Hospital.

32. LaDonna was pronounced dead at Wayne General Hospital at approximately 12:55 a.m. on October 10, 2019. The cause of death was acute hemoperitoneum due to ectopic/tubal pregnancy.

## COUNT I:  CIVIL RIGHTS CLAIM

## FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT

### (As Against All Defendants)

33. The Plaintiff incorporates and re-alleges the preceding allegations as if fully restated herein.

34. Defendants demonstrated deliberate indifference to LaDonna's serious medical needs. Defendants knew LaDonna faced a substantial risk of serious bodily injury but disregarded that risk by failing to take reasonable steps to abate it.

Defendants denied and delayed LaDonna's access to medical care, refused to treat her needs, and ignored her complaints.

35. Defendants' actions and/or inactions also violated Miss. Code Ann. § 47-1-27, which provides that an official, guard, or employee who has custody of a county prisoner and maltreats any such county prisoner, or who knowingly permits such maltreatment, shall be guilty of a misdemeanor.

36. The actions set forth above violated LaDonna's procedural and substantive due process rights secured by the Fourteenth Amendment to the United States Constitution.

37. As a result of the actions of Defendants, LaDonna suffered pain, discomfort, disfigurement, and ultimately death.

38. As a direct and proximate cause of the aforementioned negligence of Defendants, LaDonna's survivors and wrongful death beneficiaries have suffered damages in the form of lost support and services of LaDonna from the date of her death to the future, the replacement value of LaDonna's services, mental pain and suffering, and expenses due to her death paid by them or a portion thereof.

39. Plaintiff prays for the entry of judgment against Defendants jointly and severally for compensatory and punitive damages in an amount as proved at trial; for costs, expenses, and attorney's fees for this action; and such other and further relief as the Court deems just and proper.

## COUNT II: CIVIL RIGHTS CLAIM

## FAILURE TO IMPLEMENT AND/OR ENFORCE POLICY

### (As Against Defendants Wayne County and Sheriff Ashley)

40. The Plaintiff incorporates and re-alleges the allegations contained in the preceding paragraphs as if fully restated herein.

41. At all relevant times, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, developed, implemented, enforced, encouraged, and sanctioned written and/or *de facto* policies, practices, and/or customs concerning the provision of medical treatment at the Detention Center.

42. Prior to the incident involving LaDonna, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, were made aware by corrections officers and/or employees and/or agents and/or representatives at the Detention Center of problems involving the provision of inadequate medical treatment to inmates as the Detention Center.

43. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, did not take any remedial actions to formulate policy or institute training that would prevent the provision of inadequate medical treatment to inmates at the Detention Center, to include LaDonna.

44. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, failed to institute a policy of documentation and supervision concerning the provision of medical treatment that would have identified problems with the provision of medical treatment and prevented inadequate medical treatment from being provided to inmates at the Detention Center.

45. Acting under color of state law and pursuant to official policy, practice, or custom, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, intentionally, knowingly, and recklessly failed to supervise and control on a continuing basis Wayne County employees and/or agents, thus allowing a provision of inadequate medical treatment to LaDonna.

46. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, knew or should have known that, had they exercised their duties to supervise and control the medical personnel at the Detention Center, LaDonna would not have been provided inadequate medical treatment.

47. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, could have, by the exercise of reasonable diligence, prevented the provision of inadequate medical care to LaDonna but intentionally, knowingly, and recklessly failed to do so.

48. As a result of Defendant Sheriff Ashley and Defendant Wayne County's actions, LaDonna suffered physical injuries resulting in her death, caused by the inadequate medical treatment provided by Wayne County's employees and/or agents.

49. As a direct and proximate cause of the aforementioned negligence, actions, and/or inactions of Defendant Sheriff Ashley and Defendant Jackson County, LaDonna's survivors and wrongful death beneficiaries have suffered damages in the form of lost support and services of LaDonna from the date of her death to the future, the replacement value of LaDonna's services, mental pain and suffering, and expenses due to her death paid by them or a portion thereof.

50. Plaintiff demands judgment against Defendants for compensatory and punitive damages together with interest plus attorney's fees and costs, and such other relief as the Court deems just and equitable.

## COUNT III: VIOLATION OF DUE PROCESS

### (As to Defendant Wayne County)

51. The Plaintiff incorporates and re-alleges the allegations contained in the preceding paragraphs as if fully restated herein.

52. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Wayne County from depriving any person of life, liberty, or process without due process of law.

53. Under federal law, constitutional due process protections apply to pretrial detainees.

54. LaDonna was a pretrial detainee at all times relevant to the allegations contained in this Complaint.

55. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, violated LaDonna's due process rights by engaging in a pattern or practice of denying her access to adequate medical treatment.

56. Through the policies, procedures, and practices set forth above, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, engaged in a pattern or practice of denying LaDonna and other pretrial detainees at the Detention Center constitutionally required due process protections, including access to adequate medical treatment.

57. The actions and/or omissions of Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, constitute a pattern or practice of violations of the Fourteenth Amendment to the United States Constitution.

58. Defendant Sheriff Ashley and Defendant Wayne County's actions and/or omissions caused serious, irreparable, and lasting harm to pretrial detainees at the Wayne County Adult Detention Center, and the pretrial detainees will continue to suffer irreparable harm in the absence of relief.

59. Plaintiff requests this Court enter judgment declaring Defendants' policies, procedures, practices, and patterns of conduct violated the Fourteenth Amendment to the United States Constitution, enter judgment against Defendants jointly and severally for compensatory damages in an amount as proved at trial and for attorney's fees, costs and expenses, and such other and further relief as the Court deems just and proper.

## **DAMAGES**

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks recovery of all available damages, including but not limited to the following:

1. Funeral, burial, and medical expenses of LaDonna Lang Warren, Deceased;
2. The value of love, society, and companionship of LaDonna Lang Warren, Deceased;
3. Loss of earnings of LaDonna Lang Warren, Deceased;
4. Conscious pain, suffering, mental stress, and loss of enjoyment of life by LaDonna Lang Warren, Deceased;
5. Loss of life of LaDonna Lang Warren, Deceased;

6. Any and all past and future economic and non-economic damages allowed by law;

7. Pre- and post-judgment interest according to law;

8. Attorneys' fees;

9. Punitive damages as allowed by law.

DATED: October 10, 2021                    **DERRICK WARREN, Individually and on Behalf of All Wrongful Death Beneficiaries of LaDonna Lang Warren, Deceased, and on Behalf of the Estate of LaDonna Lang Warren**

By:   s/Jennifer P. Burkes
         JENNIFER P. BURKES (MSB #9420)


JP BURKES LAW, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 222-7841
jennifer@jpburkeslaw.com
ATTORNEYS FOR PLAINTIFF

14